UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60835
Summary Calendar
_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

             v.

KATIE FAIR BEASLEY

                              Defendant - Appellant.


_____

No. 01-60836
_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

             v.

DWAYNE BROWN

                              Defendant - Appellant.


_____

No. 01-60837
_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

BETTY BURNETT

                              Defendant - Appellant.
                    _____

                       No. 01-60838
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

ORA CAIN

                              Defendant - Appellant.
                    _____

                       No. 01-60839
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

MELISSA CARTER

                              Defendant - Appellant.
                    _____

                       No. 01-60840
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

                                2

ZINNIE MAE COLLINS

Defendant - Appellant.

_____

No. 01-60841

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

JESSIE COLVIN

Defendant - Appellant.

_____

No. 01-60842

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

MATTIE LEE CONNER

Defendant - Appellant.

_____

No. 01-60843

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

J C DOSS

3

                                   Defendant - Appellant.
                         _____

                         No. 01-60850
                         _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                   Plaintiffs - Appellees

                    v.

WILLIAM DAVIS

                                   Defendant - Appellant.
                         _____

                         No. 01-60851
                         _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                   Plaintiffs - Appellees

                    v.

LEONARD CHARLES NAYLOR

                                   Defendant - Appellant.
                         _____

                         No. 01-60853
                         _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                   Plaintiffs - Appellees

                    v.

LOUISE HARRELL

                                   Defendant - Appellant.
                         4

_____

No. 01-60854

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                            Plaintiffs - Appellees

                v.

KAREN HARRIS

                    Defendant - Appellant.

_____

No. 01-60855

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                            Plaintiffs - Appellees

                v.

MARGARET WATT HARRISON

                    Defendant - Appellant.

_____

No. 01-60856

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                            Plaintiffs - Appellees

                v.

EDDIE HEARD; TORSHA HEARD

                    Defendants - Appellants.

_____

No. 01-60857

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

JACQUELINE HICKS-RANDLE

Defendant - Appellant.

_____

No. 01-60858

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

EMMA HILL

Defendant - Appellant.

_____

No. 01-60859

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

LOUISE HOWARD

Defendant - Appellant.

_____

No. 01-60860

6

_____

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

BOBBY C JOHNSON; LARRY JOHNSON

Defendants - Appellants.

_____

No. 01-60861

_____

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

ARETHA CLARK JORDAN; JAMES M JORDAN

Defendants - Appellants.

_____

No. 01-60862

_____

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

KAREN BOYD MCFARLAND; JORDAN T MCFARLAND

Defendants - Appellants.

_____

No. 01-60863

_____

7

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                        Plaintiffs - Appellees

              v.

ROSIE MARTIN

                        Defendant - Appellant.
              _____

              No. 01-60864
              _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                        Plaintiffs - Appellees

              v.

THALMUS R MORGAN

                        Defendant - Appellant.
              _____

              No. 01-60866
              _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                        Plaintiffs - Appellees

              v.

KATHY MOSIER

                        Defendant - Appellant.
              _____

              No. 01-60867
              _____


8

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                    Plaintiffs - Appellees

              v.

BOBBY NASH

                    Defendant - Appellant.
              _____

              No. 01-60868
              _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                    Plaintiffs - Appellees

              v.

REBECCA NAYLOR

                    Defendant - Appellant.
              _____

              No. 01-60869
              _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                    Plaintiffs - Appellees

              v.

UNDRA SAWYER

                    Defendant - Appellant.
              _____

              No. 01-60870
              _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;

9

FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

DELOIS SLEDGE

                              Defendant - Appellant.
                    _____

                         No. 01-60871
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

LINDA FAYE SMITH

                              Defendant - Appellant.
                    _____

                         No. 01-60872
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

PRESTON TALLIE

                              Defendant - Appellant.
                    _____

                         No. 01-60873
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

10

                              Plaintiffs - Appellees

                    v.

LEXIE TATE

                              Defendant - Appellant.
                    _____

                       No. 01-60874
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

LEROY WATT

                              Defendant - Appellant.
                    _____

                       No. 01-60875
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

LES WILBON

                              Defendant - Appellant.
                    _____

                       No. 01-60876
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

11

v.

ARTHUR LEE WILLIAMS

                              Defendant - Appellant.
                  _____

                    No. 01-60877
                  _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

LAKIESHA YOUNG

                              Defendant - Appellant.

        _____

        Appeal from the United States District Court for the
           Northern District of Mississippi, Aberdeen
                        1:00-CV-375-D-A
        _____

                       May 22, 2002


Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Appellants Katie Beasley, Dwayne Brown, Betty Burnett, Ora

Cain, Melissa Carter, Zinne Mae Collins, Jessie Colvin, Mattie Lee

Conner, J.C. Doss, William Davis, Leonard Charles Naylor, Louise

Harrell, Karen Harris, Margaret Watt Harrison, Eddie Heard, Torsha

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Heard, Jacqueline Hicks-Randle, Emma Hill, Louise Howard, Bobby Johnson, Larry Johnson, Aretha Clark-Jordan, James Jordan, Rosie Martin, Karen Boyd McFarland, James McFarland, Thalmus Morgan, Kathy Mosier, Bobby Nash, Rebecca Naylor, Undra Sawyer, Deloise Sledge, Linda Faye Smith, Preston Tallie, Lexie Tate, Leroy Watt, Les Wilbon, Arthur Lee Williams and Lakiesha Young (collectively "Beasley") filed suit against Appellees American Heritage Life Insurance Company and First Colonial Insurance Company in Mississippi state court (collectively "Heritage").  Heritage then filed the instant actions pursuant to 9 U.S.C. § 4, seeking to stay the state court proceedings and compel arbitration.  In separate orders, the district courts for the Northern and Southern districts of Mississippi granted Heritage this relief.  Beasley appeals and we affirm.

**DISCUSSION**

A.   Jurisdiction

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.  It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.  This is the first principle of federal jurisdiction." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (citation omitted).  As the party asserting federal jurisdiction, Beasely bears the burden of demonstrating that jurisdiction is proper. Id.

13

9 U.S.C. § 16(a)(3) provides jurisdiction over appeals from "final decision[s] with respect to an arbitration." Interpreting 9 U.S.C. § 16(a)(3) in Green Tree Fin. Corp. v. Randolph, 531 U.S. 79 (2000), the Supreme Court held that Congress intended the term final decision in Section 16(a)(3) to have its ordinary meaning, to wit, "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Id. at 86. Here, the only issue before the district court was whether to compel arbitration. When it did so, there was nothing more for it to do but execute judgment.

Heritage contends that the district court stayed the federal action and that therefore the order compelling arbitration was not final. See Randolph, 531 U.S. at 87 n.2 ("Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable.").[2] This factual contention is not supported by the record. Heritage did not request a stay of the federal proceedings and the district court order does not provide for one; because, unlike in Randolph, the federal action did not contain any substantive claims, there was nothing for the district courts to dismiss. Accordingly, we conclude that we have jurisdiction to hear this appeal.

B.    McCarran-Ferguson Act

Beasely contends that section two of the Federal Arbitration

---

[2]We express no opinion on the question whether the district court had discretion to enter such a stay.

Act (the "FAA") has been reverse preempted.  See 9 U.S.C. § 2 ("A written provision in any...contract...to settle by arbitration a controversy thereafter arising out of such contract...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."). In so arguing, Beasely relies on the McCarran-Ferguson act and a declaration of the Commissioner of Insurance for the Mississippi Insurance Department, which indicates that it was the policy of the Mississippi Insurance Department to withhold its approval from insurance policies containing arbitration clauses.[3]

The district courts' conclusions that the FAA, as applied to insurance contracts, has not been reverse preempted by the McCarran-Ferguson Act in Mississippi is a legal question we review de novo. See e.g., Moore v. Liberty Nat'l Life Ins. Co, 267 F.3d 1209, 1220 (11th Cir. 2001).  "By its terms, the [McCarran-Ferguson Act] permits a state law to reverse pre-empt a federal statute only if:  (1) the federal statute does not specifically relate to the 'business of insurance,' (2) the state law was enacted for the 'purpose of regulating the business of insurance,' and (3) the federal statute operates to 'invalidate, impair, or supersede' the state law.   There is no question that the FAA does not relate specifically to the business of insurance.   Thus, we need only

_____

[3]Apparently this is no longer the policy of the Commissioner of Insurance.

15

address the last two requirements." <u>Munich Am. Reinsurance Co. v.</u> <u>Crawford</u>, 141 F.3d 585, 590 (5th Cir. 1998).

The only enactments identified by Beasely in support of her contention that the FAA has been reverse-preempted are Miss. Code. Ann. § 83-53-29[4] and Miss. Code. Ann. § 83-53-15.[5] Neither of these statutes address the propriety of arbitration clauses in insurance contracts, they are simply general statutes vesting regulatory authority over insurance in the Commissioner of Insurance. Clearly, the FAA does not directly impair either of these statutes. A conclusion that these general statutes reverse-preempted the FAA would be equivalent to a conclusion that all federal laws which could potentially indirectly affect the regulation of insurance have been preempted. Beasely provides no argument or authority

---

[4] Section 83-53-29 provides: "The commissioner may, after notice and hearing, issue any rules and regulations that he deems necessary to effectuate the purposes of this chapter or to eliminate devices or plans designed to avoid or render ineffective the provisions of this chapter. The commissioner may require such information as is reasonably necessary for the enforcement of this chapter. All rules and regulations adopted and promulgated pursuant to this chapter shall be subject to the Mississippi Administrative Procedures Law."

[5] Section 83-53-29 provides, in pertinent part: "All policies, certificates of insurance, notices of proposed insurance, applications for insurance, endorsements and riders delivered or issued for delivery in this state, and the schedules of premium rates pertaining thereto, shall be filed with the commissioner for his approval prior to use. If after filing, the commissioner notifies the insurer that the form is disapproved, it is unlawful for the insurer to issue or use the form."

16

supporting such a sweeping result.

As noted above, Beasely appears to rely on a declaration from the Commissioner of Insurance, indicating that it was his policy to withhold his approval from insurance forms containing arbitration clauses. As an initial matter, it is undisputed that the arbitration clause at issue was not in an insurance contract, it was in a loan agreement. Nonetheless language in the McCarran-Ferguson Act evinces Congress' unambiguous intent to accord reverse-preemptive effect solely to "enact[ed]" state law. Beasely has provided no argument or authority to the contrary.

## CONCLUSION

In light of the foregoing analysis, we AFFIRM.

17